**Raymond YOEL, Plaintiff–Appellant,**

**v.**

**David SCOTT, et al., Defendants–Appellees.**

**No. 00–4123.**

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before SILER and GILMAN, Circuit Judges; DUGGAN, District Judge.[*]

### ORDER

Raymond Yoel appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Yoel filed his complaint in the district court pro se alleging that he was denied his constitutional rights as a result of events surrounding a domestic dispute and subsequent divorce proceedings involving plaintiff in 1997. Plaintiff named as defendants the City of Willoughby, Ohio, the Willoughby Police Department, and a Willoughby police officer (Scott), and sought declaratory and injunctive relief and an unspecified amount of compensatory and punitive damages. Defendants moved to dismiss the complaint, and counsel entered an appearance for plaintiff and responded in opposition to defendants' motion. The district court determined that defendants' motion should be treated as one for summary judgment and directed the parties to submit further pleadings on the matter, but dismissed plaintiff's complaint with respect to the defendant Willoughby Police Department. After the remaining parties filed further pleadings, the district court granted defendants' motion in part and granted summary judgment for the individual defendant Scott on the basis of qualified immunity. Next, the City of Willoughby filed another motion for summary judgment, and plaintiff did not respond in opposition. The district court granted the motion and entered judgment accordingly. Plaintiff filed a timely notice of appeal. On appeal, plaintiff is proceeding pro se and reiterates the circumstances surrounding his claims. Defendants respond that the district court's judgment was proper.

■■■ Upon de novo review, *see Mayo v. Macomb County,* 183 F.3d 554, 557 (6th Cir.1999), we affirm the judgment essentially for the reasons stated by the district court in its memorandum of opinion and order filed December 17, 1999, and in its memorandum of opinion and order filed July 31, 2000. First, the district court properly granted summary judgment for

[*] The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

the defendant police officer on the basis of qualified immunity because plaintiff cannot carry his burden of establishing that the defendant officer is not entitled to qualified immunity. *See id.* Second, the district court properly granted summary judgment for the defendant city and dismissed the complaint with respect to the defendant police department because plaintiff cannot show a direct causal link between a municipal policy or custom and a constitutional deprivation. *See Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir.1993); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir. 1993).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.